

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00452-CR

Anabel **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 573224
Honorable Rosie S. Gonzalez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2019

AFFIRMED

Anabel Garcia was convicted by a jury of assault causing bodily injury. On appeal, she contends: (1) the evidence is insufficient to support the jury's implicit rejection of her claim that she acted in self-defense; and (2) the jury charge was "incomprehensible and erroneous." We affirm the trial court's judgment.

## BACKGROUND

On the date of the assault, the complainant, Amelia Angulo, was estranged from her husband Jose Garcia. Anabel is Jose's sister. Amelia drove to the house where she previously

lived with her estranged husband around 12:45 a.m. A fight ensued between Amelia and Anabel. Amelia called 911 and was treated at a hospital for her injuries.

Approximately two months later, the investigating detective submitted a report to the district attorney, and Anabel was subsequently charged with assault causing bodily injury. The jury heard conflicting testimony from Amelia and Anabel regarding the fight. After hearing the evidence, the jury found Anabel guilty. Anabel appeals.

## SUFFICIENCY OF THE EVIDENCE

In her first issue, Anabel contends the evidence is insufficient to support the jury's implicit rejection of her claim of self-defense.

### A. Standard of Review

Once a defendant produces some evidence raising the issue of self-defense, the State bears the burden of persuasion to show beyond a reasonable doubt that the defendant's actions were not justified. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). To meet its burden of persuasion, the State is not required to produce additional evidence. *Saxton*, 804 S.W.2d at 913. If the jury finds the defendant guilty, it has made an implicit finding against any defensive theory raised by the defendant. *Id*. at 914; *see also Zuliani*, 97 S.W.3d at 594.

When a defendant challenges the legal sufficiency of the evidence to support the jury's implicit rejection of a self-defense claim, "we look not to whether the State presented evidence which refuted appellant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt." *Saxton*, 804 S.W.2d at 914; *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In conducting a legal sufficiency review,

we defer to the jury's assessment of the credibility of the witnesses and the weight to be given to their testimony. *Zuniga v. State*, 551 S.W.3d 728, 732–33 (Tex. Crim. App. 2018). As the sole judge of the credibility of witnesses, the jury is free to believe all, some, or none of a witness's testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *Monreal v. State*, 546 S.W.3d 718, 724 (Tex. App.—San Antonio 2018, pet. ref'd). We also defer to the jury's resolution of conflicts in the testimony. *Zuniga*, 551 S.W.3d at 732. "We may not re-weigh the evidence or substitute our judgment for that of the factfinder." *Id*.

B.       Analysis

"[A] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a). In this case, the jury was instructed that the State was required to prove Anabel's conduct was not justified by self-defense by proving beyond a reasonable doubt that: (1) Anabel did not believe her conduct was immediately necessary to protect herself against Amelia's use or attempted use of unlawful force; or (2) Anabel's belief was not reasonable.

Anabel does not challenge the sufficiency of the evidence to support the jury's finding of the essential elements of the assault offense. Instead, Anabel challenges the sufficiency of the evidence to support the jury's implicit rejection of her self-defense claim.

In her brief, Anabel asserts Amelia's testimony was conflicting and inconsistent, however, it is within the jury's province to resolve conflicts in the evidence. *Zuniga*, 551 S.W.3d at 732. Anabel also asserts, "The true basis for deciding who was the victim and who would be the defendant was an evaluation of credibility." As previously noted, however, we defer to the jury's assessment of the credibility of the witnesses. *Id*. at 732–33.

In this case, the jury could have disbelieved Anabel's version of the events and believed Amelia's testimony that Anabel attacked her while she was seated in her car then grabbed her by the hair and slammed her against the car. Although Anabel places great emphasis on the detective's testimony regarding her evaluation of the events and the facts she considered in submitting her report to the district attorney, the jury weighed the detective's testimony with the other evidence in rejecting Anabel's version of the events.[1] Having reviewed all of the evidence in the light most favorable to the prosecution, we conclude the jury rationally could have rejected Anabel's self-defense claim.

Anabel's first issue is overruled.

### JURY CHARGE

In her second issue, Anabel contends the portion of the jury charge instructing the jury on self-defense was "incomprehensible and erroneous." Recognizing no objection was made to the charge, Anabel asserts she suffered egregious harm.

A.      Standard of Review

In reviewing a jury charge issue, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, then we analyze that error for harm. *Id*. "The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection." *Id*. When, as here, an appellant has failed to preserve error, we will reverse only if the record shows the appellant suffered "egregious harm." *Id*. Under this standard, Anabel would only be entitled to a reversal of the trial court's judgment if the error "was so egregious and

---

[1] Although the detective stated she considered the extent of the injuries to both women and that Amelia's injuries were more serious, she also testified she considered Anabel's admission that she approached Amelia's car while Amelia was still seated in the car.

created such harm that [she] was deprived of a fair and impartial trial." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015).

B.    Analysis

Anabel's brief focuses on the following paragraph in the portion of the jury charge instructing the jury on self-defense:

> You have heard evidence that, when the defendant struck the complainant with the hand of the defendant, or scratching the complainant with the hand of the defendant, or pushing the complainant with the hand or fingers of defendant because she believed her use of force was necessary to defend herself against AMELIA ANGULO's use or attempted use of unlawful force.

Although Anabel contends this paragraph assumes that the striking, scratching, and pushing actually occurred, we agree with the State that the paragraph simply refers to evidence the jury heard about Anabel's actions through Amelia's testimony. Admittedly the quoted paragraph was grammatically imprecise; however, the jury instruction on self-defense further instructed the jury:

> A person's use of force against another that would otherwise constitute the crime of Assault Causing Bodily Injury is not a criminal offense if the person reasonably believed the force was immediately necessary to protect the person against the other's use or attempted use of unlawful force.

This language tracks section 9.31(a) of the Texas Penal Code which defines self-defense. TEX. PENAL CODE ANN. § 9.31(a). The jury charge then defined "reasonable belief" as "a belief that an ordinary and prudent person would have held in the same circumstances as the defendant." This definition tracks the definition of "reasonable belief" in section 1.07(a)(42) of the Texas Penal Code. *Id*. § 1.07(a)(42). The charge further instructed the jury as follows:

> To decide the issue of self-defense, you must determine whether the state has proved, beyond a reasonable doubt, that either —:
> 1.  the defendant did not believe her conduct was immediately necessary to protect herself against AMELIA ANGULO's use or attempted use of unlawful force; or
> 2.  The defendant's belief was not reasonable.

Finally, the charge instructed the jury:

If you find that the State has failed to prove, beyond a reasonable doubt, either element 1 or 2 listed above, you must find the defendant "not guilty."

Therefore, having reviewed the entire portion of the jury charge instructing the jury on self-defense, we hold the grammatical imprecision in the paragraph of the jury charge quoted in Anabel's brief did not make the instruction on self-defense erroneous when read in the context of the entire charge. *See Hernandez v. State*, 340 S.W.3d 55, 60 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The meaning of a jury charge should be taken from the whole charge, not just from a certain few instructions read in isolation.") (internal quotation marks omitted). Furthermore, although Anabel also complains about the inclusion of an instruction on defense of a third person, we hold any error in including that instruction was not so egregious as to deprive Anabel of a fair and impartial trial. *See Villarreal*, 453 S.W.3d at 433. The focal point of the trial was whether Anabel acted in self-defense, and the jury instruction on self-defense was not erroneous when read as a whole.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH